**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN SNYDER,<br><br>      Plaintiff,<br><br>   v.<br><br>K. W. YEAGER, et al.,<br><br>      Defendants. | Case No. 1:11-cv-01923-DLB PC<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**<br><br>ECF No. 11 |

**I.     Background**

Plaintiff Alvin Snyder ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On November 18, 2011, Plaintiff filed his Complaint. ECF No. 1. On September 25, 2012, the Court dismissed Plaintiff's Complaint for failure to state a claim, with leave to amend. ECF No. 10. On October 31, 2012, Plaintiff filed his First Amended Complaint. ECF No. 11.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

## II.     Summary of First Amended Complaint

Plaintiff was previously incarcerated at Wasco State Prison ("WSP") in Wasco, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants: Doctor Renken, lieutenant K. W. Yeager, sergeant John Doe, correctional officer Jane Doe, and correctional officer Bohon.

Plaintiff alleges the following.  Defendant Jane Doe escorted Plaintiff into a dangerous area and left Plaintiff unprotected.  Defendant Bohon allowed passage of an enemy inmate to come into contact of a protective custody inmate when he told the doctor to send a general population custody inmate right on out.  Defendant sergeant John Doe did not post an officer next to a protective custody inmate to keep Plaintiff safe, even after Plaintiff told sergeant John Doe of his concerns of danger because Plaintiff was a sensitive needs yard inmate.  Defendant Yeager failed to properly supervise a protective custody inmate's safety in a dangerous area.  Defendant doctor should have checked to see if a protective custody inmate had a correctional officer next to him before opening his exam room door.

Plaintiff alleges that Defendants acted with deliberate indifference in violation of the Eighth Amendment, and were negligent.  Plaintiff requests compensatory damages and costs of suit as relief.

//

//

## III.     Analysis

### A.     Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *E.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

Based on Plaintiff's allegations, Plaintiff has sufficiently satisfied the first prong of an Eighth Amendment claim, regarding the serious harm. However, Plaintiff fails to satisfy the second prong, deliberate indifference. Plaintiff alleges no facts against any Defendants that would indicate that the particular Defendant knew of and disregarded an excessive risk of serious harm to Plaintiff's safety. Plaintiff alleges no facts which indicate that a Defendant was aware that Plaintiff faced an excessive risk of serious harm. Plaintiff makes the general allegation that all SNY inmates are at risk of serious harm when anywhere near a general yard inmate. That allegation, however, is merely possible, not plausible as to the knowledge of each Defendant. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

To the extent that Plaintiff alleges liability against Defendants based on any supervisory roles, such as Defendant Yeager, Plaintiff fails to state a claim. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates

under a theory of *respondeat superior*." *Id.* at 676.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. *Id.* at 677.  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff alleges no facts which indicate that any supervisory Defendants personally participated in an alleged constitutional violation or knew of constitutional violations and failed to act to prevent them.

### B.  State Law Claims

Plaintiff contends that Defendants were negligent.  Because Plaintiff has failed to allege any cognizable federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims.  28 U.S.C. § 1367(c)(3).

## IV.  Conclusion and Order

Plaintiff fails to state a cognizable § 1983 claim against any Defendants.  Plaintiff was previously provided the opportunity to amend his complaint to cure the deficiencies identified. Plaintiff was unable to do so.  Further leave to amend will not be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Based on the foregoing, it is HEREBY ORDERED that this action is dismissed with prejudice for failure to state a claim upon which relief may be granted.  The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated: __April 2, 2013__                    /s/ *Dennis L. Beck*
                                            UNITED STATES MAGISTRATE JUDGE